

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2007

# USA v. Morales-Aponte

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3570

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Morales-Aponte" (2007). *2007 Decisions.* Paper 857.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/857

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 06-3570

UNITED STATES OF AMERICA

v.

FREDDY MORALES-APONTE,

Appellant

Appeal from the District Court for the Virgin Islands,
Division of St. Thomas and St. John
(Crim No. 05-cr-00095)
District Judge: Hon. Curtis V. Gomez

Submitted pursuant to Third Circuit LAR 34.1(a)
December 8, 2006

Before: McKEE, BARRY, and STAPLETON, *Circuit Judges*

(Opinion filed: June 28, 2007)

OPINION

McKEE, *Circuit Judge*.

Freddy Morales-Aponte appeals the sentence that was imposed after he pled guilty

to illegal reentry and false impersonation of a citizen of the United States. For the

reasons that follow, we will affirm the sentence.

**I.**

Morales-Aponte was removed from the United States to the Dominican Republic

1

on December 6, 2000.  On November 10, 2005, he attempted to reenter by presenting a fraudulent Puerto Rican driver's license and birth certificate, both bearing the name, "Joel Vasquez Morales," to immigration officers in St. Thomas.  He was thereafter referred to secondary inspection where he claimed to be a United States citizen. However, a microscopic test of the birth certificate showed that the name of the true owner had been removed and replaced with "Joel Vasquez Morales."  The parents' names had also been removed and replaced with other names.  Morales-Aponte was identified based upon fingerprint comparisons that also disclosed his prior removal.

Thereafter,  Morales-Aponte was charged with illegal reentry by a removed alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2) (Count One) and false impersonation of a citizen of the United States, in violation of 18 U.S.C. § 911 (Count Two).  Trial was scheduled for February 21, 2006.  However, on February 8, 2006, new counsel was appointed at Morales-Aponte's request, and trial was rescheduled to May 15, 2006.

Approximately a week before the scheduled trial date, Morales-Aponte entered an open guilty plea to both counts of the indictment.  Under the Sentencing Guidelines, the base offense level for his offenses was 24.  His extensive criminal record resulted in a criminal history category IV with a corresponding advisory sentencing range of 77 to 96 months. His acceptance of responsibility reduced his offense level to 22, and the sentencing range was thereby reduced to 63 to 78 months.

During the unsuccessful plea negotiations that preceded his open guilty plea, the

2

government offered an additional one point reduction for extraordinary acceptance of responsibility if Morales-Aponte agreed to waive his appellate rights. That additional point would have further reduced the advisory sentencing range to 57 to 71 months. However, the parties were never able to reach a plea agreement.

On July 5, 2006, Morales-Aponte filed a motion for downward departure arguing: (1) that he should receive a four level departure under U.S.S.G. § 5K3.1 to avoid sentencing disparity with defendants in districts that have an early disposition or "fast-track" policy; (2) that he should receive a downward departure under U.S.S.G. § 5K2.0 for cultural assimilation; and (3) that he should receive an additional point under U.S.S.G. § 3E1.1(b) for extraordinary acceptance of responsibility. He claimed that, after *United States v. Booker*, 543 U.S. 220 (2005), the district court had discretion to award each of these departures without a motion from the government.

During the sentencing proceeding that followed, Morales-Aponte's counsel stated that he was making the same arguments that he had made on behalf of Kevin Bryan who had been sentenced earlier the same day. The court sentenced Morales-Aponte to 63 months imprisonment followed by two years of supervised release, and imposed a special assessment of $200. The district court explained:

> Having considered the advisory guideline range of 63 to 78 months, which is based on an offense level of 22, and a criminal history category of IV, the criteria set forth at Title 18, Section 3553 and the sentencing factors enumerated at Title 18, Section 3553(a), and pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the

3

defendant, Freddy Morales-Aponte, also known as Joel
Vasquez Morales, be committed to the custody of the U.S.
Bureau of Prisons for a term of 63 months.

This appeal followed.

## II.

### A. Downward Departures Pursuant to U.S.S.G. § 5K3.1.

Morales-Aponte relies upon the absence of a "fast-track" program in the Virgin Islands to argue that he received a sentence that is significantly longer than that received by similarly situated aliens in judicial districts with "fast-track" programs. He claims that the use of "fast-track" departures in some districts but not others creates a sentencing disparity that the court should have tried to mitigate under 18 U.S.C. § 3553(a)(6) when imposing his sentence. Section 3553(a)(6) requires courts to consider: "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

We have recently explained that this "fast-track" argument has been "almost uniformly rejected" by "nearly every court of appeals in the United States." *United States v. Vargas*, 477 F.3d 94, 98 (3d Cir. 2007). In *Vargas*, we joined the majority of those courts in rejecting the argument that Morales-Aponte makes here. Accordingly, his argument that the district court erred in not reducing his sentence to mitigate the disparity arising from the absence of a "fast–track" program in the Virgin Islands is meritless.

### B. Decrease in offense level pursuant to U.S.S.G. § 3E1.1(b).

4

Morales-Aponte also contends that the government's refusal to file a motion to award an additional point under U.S.S.G. § 3E1.1(b) was made in bad faith and, the district court should therefore have granted him the one point reduction despite the absence of a motion from the government. He also claims the government's refusal to file such a motion is tantamount to a "denial of equal treatment under the U.S. Constitution." Appellant's Br. at 11. Both contentions are without merit.

Morales-Aponte's claim that the government acted in bad faith in not filing a motion for the additional one point reduction under § 3E1.1(b) is based solely upon his unsupported assertion. He points to nothing in the record to support that claim, and we can find nothing to support it. It is clear from § 3E1.1 and the relevant commentary that the government has discretion to file such a motion based upon its assessment of the relevant circumstances in a particular case. The absence of a motion for an additional reduction based upon extraordinary acceptance of responsibility is certainly consistent with the protracted nature of the unsuccessful plea negotiations that led up to the open guilty plea. This record simply does not support Morales-Aponte's claim that he was somehow denied "equal treatment."

### C. Denial of Motion for One Point Decrease in Criminal History Score.

Morales-Aponte also argues that the district court erred by denying his motion for a one point decrease in his criminal history score. U.S.S.G. § 4A1.1(c) directs that 1 point should be added for each prior sentence that was less than 60 days, up to a total of

4 points.  Section 4A1.2(c) further specifies that sentences for certain prior offenses, such as reckless driving, driving without a license or driving with a revoked or suspended license and leaving the scene of an accident are counted only if  "(A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense."

Morales-Aponte objected to a criminal history point for the traffic offense set forth in ¶ 42 of his Presentence Investigation Report.   After reviewing the PSR, conferring with the probation officer and hearing argument from counsel, the district court rejected Morales-Aponte's objection.   Morales-Aponte now argues that the one point should not have been added to his criminal history score for the traffic offense because the "record is silent as to whether [his] suspended driving privilege was extended for a year or whether he was given a term of imprisonment which was suspended for a year." Appellant's Br. at 13.   However, he either misinterprets the record or chooses to ignore it.

The PSR at ¶ 42 states that Morales-Aponte was convicted of operating a motor vehicle after having his license suspended, leaving the scene of an accident, property damage, and related offenses. He was sentenced to one year probation.  The police report stated that he responded to police efforts to pull him over for a traffic violation by speeding away after the police lights were turned on,  weaving in and out of traffic at a high rate of speed and striking another vehicle during the high speed pursuit.  A District

6

Court may rely a factual statement in a PSR at sentencing, absent a timely and substantial objection from one of the parties. *See United States v. May*, 413 F.3d 841, 848-49 (8th Cir. 2005) ("Together, Rules 32(f)(1) and 32(i)(3)(A) establish that an untimely objection to a fact in the presentence report does not change the fact's 'undisputed' status, and the district court may adopt the fact without additional evidence."); *United States v. Cyr*, 337 F.3d 96 (1st Cir. 2003) ("Generally, a PSR bears sufficient indicia of reliability to permit the district court to rely on it at sentencing. The defendant is free to challenge any assertions in the PSR with countervailing evidence or proffers, in which case the district court is obliged to resolve any genuine and material dispute on the merits. But if the defendant's objections to the PSR are merely rhetorical and unsupported by countervailing proof, the district court is entitled to rely on the facts in the PSR.") (citations and internal quotation marks omitted); *accord United States v. Cothran*, 302 F.3d 279, 286 (5th Cir. 2002); *United States v. Willis*, 300 F.3d 803, 807 (7th Cir. 2002); *United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998). Here, Morales-Aponte's objection was raised for the first time at sentencing, and consisted merely of his attorney's denial of the statement in the PSR that Morales-Aponte received a year of probation for his 1996 traffic offense. Under these circumstances, the District Court was entitled to rely on the PSR without additional inquiry. The resulting conviction was correctly counted under §§ 4A1.1(c) and 4A1.2(c).

**D. Cultural Assimilation.**

Although this court has not addressed the propriety of a downward departure for cultural assimilation in a precedential opinion, other courts of appeals have. The United States Court of Appeals for the Fifth Circuit has stated that such a departure may be appropriate in an "atypical or extraordinary case." *United States v. Rodriguez-Montelongo*, 263 F.3d 429, 433-34 (5th Cir.2001). The Court of Appeals for the Ninth Circuit has recognized the validity of such a departure in dicta, *see United States v. Lipman*, 133 F.3d 726, 730-31 (9th Cir.1998); and the Court of Appeals for the Eleventh Circuit has hinted at such a departure. *See United States v. Sanchez-Valencia*, 148 F.3d 1273, 1274 (11th Cir.1998) (per curiam) (citing *Lipman* ). The district court understood that the guidelines were only advisory and appreciated that it could depart downward within the confines of § 3553(a). The court's refusal to do so was a lawful exercise of its discretion which we lack jurisdiction to review. *See United States v. Denardi*, 892 F.2d 269, 272 (3d Cir.1989) ("To the extent this appeal attacks the district court's exercise of discretion in refusing to reduce the sentences below the sentencing guidelines, it will be dismissed for lack of appellate jurisdiction."); *see also United States v. Cooper*, 437 F.3d 324, 332-33 (3d Cir.2006).

## III.  Conclusion.

For all of the above reasons, we will affirm the district court's imposition of sentence.

8